IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PETITIONER

SHANRONG ZHANG

Cause No. 5:26-cv-00280-DCB-BWR

V.

RAFAEL VERGARA,                                    RESPONDENT
*Warden, Adams County Correctional*
*Center* and
BRIAN ACUNA
*Acting Field Office Director,*
*Enforcement and Removal Operations*

REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the 28 U.S.C. § 2241 Petition [1] filed

through counsel by Shanrong Zhang, who was formerly in immigration detention at

Adams County Correctional Center in Natchez, Mississippi, and a Motion to Dismiss

[6] filed by Respondents who notify the Court that Petitioner has been released from

detention pursuant to an Order of Supervision. *See* Release Notification [6-1].

Petitioner's counsel does not oppose the Motion to Dismiss and has filed a Response

confirming that "Petitioner is no longer in custody of Respondents and, therefore, is

no longer seeking habeas relief in this matter." Response [7] at 1.

"Under Article III of the Constitution, federal courts may adjudicate only

actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477

(1990). The Petition is moot because Petitioner is no longer detained. *See Dep't of*

*Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the

immigration context as "traditionally . . . a means to secure *release* from unlawful

detention" and not "to obtain additional administrative review of his asylum claim

and ultimately to obtain authorization to stay in this country.") (emphasis in original). The Petition does not present a live case or controversy for purposes of satisfying Article III.

RECOMMENDATION

It is recommended that the Petition [1] be dismissed without prejudice as moot.

NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other*

2

*grounds,* 28 U.S.C. § 636(b)(1).

      **SIGNED,** this the 28th day of May 2026.

          s/ *Bradley W. Rath*

          BRADLEY W. RATH
          UNITED STATES MAGISTRATE JUDGE